In re John W. BILLINGSLEY a/k/a and d/b/a Billingsley Transfer, Billingsley Trucking and Judy Ann Billingsley, Debtors.

John W. BILLINGSLEY and Judy Ann Billingsley, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Bankruptcy No. 90–40522.
Adv. No. 90–0198.

United States Bankruptcy Court, S.D. Illinois.

Oct. 22, 1992.

Charles F. Hickman, Belleville, Ill., for debtors.

Scott H. Harris, Washington, D.C., for U.S.

## DECISION

DALE E. IHLENFELDT, Bankruptcy Judge.

Certain truck drivers who were treated as independent contractors by the plaintiff debtors have been reclassified as employees by the Internal Revenue Service (IRS), thereby resulting in employer's tax liability for the debtors for the year 1986. The debtors now concede that these persons were employees. In lieu of claiming the full amount of taxes that would be owing if the debtors had in fact withheld taxes from these employees, the IRS has assessed liability under section 3509 of the Internal Revenue Code (IRC), which section bases liability upon the debtors' *failure to withhold,* as opposed to liability that arises by failure to pay over withheld taxes.

The debtors filed their joint petition under chapter 7 of the Bankruptcy Code on May 3, 1990, and they now ask that their section 3509 tax liability for 1986 be declared dischargeable. Each of the parties has moved for summary judgment on this issue, and the material facts are not in dispute. Other issues between the parties have been resolved by agreement.

Employers have the following separate employment tax obligations. Under section 3402 of the IRC, they are required to withhold income and social security taxes from their employees' wages. Section 3403 in turn requires them to pay over the taxes they have withheld. Under sections 3111 and 3301, employers are obligated to make payments to the social security fund and unemployment fund based on their employees' gross wages.[1]

The dischargeability of tax obligations is covered by Section 523(a)(1) of the Bankruptcy Code. Section 523(a)(1) provides in relevant part:

A discharge under section 727 ... does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of a kind and for the periods specified in section ... 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed; ....

---

1. These sections provide in relevant part:

§ 3402. In general.—Except as otherwise provided in this section, every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary....

§ 3403. The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment.

§ 3111. In addition to other taxes, there is hereby imposed on every employer an excise tax, with respect to having individuals in his employ, equal to the following percentages of the wages ... paid by him with respect to employment....

§ 3301. There is hereby imposed on every employer ... for each calendar year an excise tax, with respect to having individuals in his employ,....

The dischargeability of employment taxes is determined by reference to sections 507(a)(7)(C) and (D).

Tax liabilities that are subject to the provisions of section 507(a)(7)(C) are never dischargeable. For example, liabilities for taxes withheld from employees' wages, commonly referred to as "trust fund taxes," are subject to the provisions of section 507(a)(7)(C), and they can never be discharged in chapter 7.

Section 507(a)(7)(D) deals with tax liabilities that are not subject to section 507(a)(7)(C) and provides that such tax obligations are dischargeable if they arose more than three years prior to the date of filing of the bankruptcy petition. The parties agree that an employer's liability for social security and unemployment taxes under IRC sections 3111 and 3301 is not subject to section 507(a)(7)(C) and that IRC section 3509 does not apply to those taxes. Accordingly, since any section 3111 and 3301 tax liabilities of the debtors for the year 1986 would have arisen more than three years before bankruptcy, they would be dischargeable by virtue of section 507(a)(7)(D).

The issue in this case is whether the debtors' IRC section 3509 tax liability for the four quarters of 1986 is subject to section 507(a)(7)(C).[2] If section 507(a)(7)(C) is applicable to a section 3509 tax, the debt is not dischargeable, regardless of when it was incurred.[3] By its terms, section 507(a)(7)(C) applies to a claim for "(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

Since at least 1980, the debtors owned and operated a trucking business. They initially treated the truck drivers performing services for their business as employees. In 1982, they stopped calling them employees, began calling them independent contractors, stopped withholding income and social security taxes from the payments they made to the drivers, and stopped making the social security and unemployment tax payments that are required of employers. This practice was continued by the debtors in 1986.

The IRS audited the debtors in 1988, reclassified their drivers as employees, and assessed 1986 tax liability to them under section 3509 based on their failure to withhold. An employer's liability for failure to withhold is assessed pursuant to section 3509 if the Service determines that the employer's failure was due to a mistaken belief that its workers were independent contractors. The employer's liability under section 3509 is assessed at a greatly reduced rate.

Section 3509 was enacted by Congress in 1982 in an effort to deal with various problems that arise when workers who have been treated as independent contractors are reclassified as employees. S.Rep. No. 494, 97th Cong., 2d Sess. 370 (1982), *reprinted in* U.S.C.C.A.N. 781, 1103. One important concern was that the employer would be liable for large and perhaps overwhelming tax liabilities that result on such reclassification. If not barred by the statute of limitations, the employer would be liable for all of the income tax that was not withheld from the employees, as well as both the employer and employee shares of social security taxes and employers' unemployment tax payments.

Congress enacted section 3509 as a "procedure for determining an employer's liability for failure to withhold income taxes or the employee's share of FICA taxes in certain situations involving worker reclassifications." Senate report, *supra,* page 1104. Under section 3509, the employer is required to pay only a fraction of the amount

---

**2.** So far as the court is aware, there are no reported decisions dealing with this issue. The only published decision that discusses section 3509 is *In re Rasbury,* 130 B.R. 990 (Bankr.ND AL 1991). Having ruled that the IRS failed to establish the workers as employees, the court did not decide the issue of the dischargeability of section 3509 liabilities.

**3.** The amount of the debtors' section 3509 tax liability for 1986 is not in dispute. The debtors were also assessed section 3509 taxes for the years 1987 through 1989. These latter liabilities arose less than three years prior to bankruptcy, and the debtors are not contesting their nondischargeability.

that should have been withheld for income taxes and social security taxes.

Section 3509 provides:

**(a) In general**—If any employer fails to deduct and withhold any tax under chapter 24 or subchapter A of chapter 21 with respect to any employee by reason of treating such employee as not being an employee for purposes of such chapter or subchapter, the amount of the employer's liability for—

**(1) Withholding taxes.**—Tax under Chapter 24 for such year with respect to such employee shall be determined as if the amount required to be deducted and withheld were equal to 1.5 percent of the wages (as defined in section 3401) paid to such employee.

**(2) Employee social security tax.**—Taxes under subchapter A of chapter 21 with respect to such employee shall be determined as if the taxes imposed under such subchapter were 20 percent of the amount imposed under such subchapter without regard to this subparagraph....

\* \* \* \* \* \*

**(c) Section not to apply in cases of intentional disregard.**—This section shall not apply to the determination. of the employer's liability for tax under chapter 24 or subchapter A of chapter 21 if such liability is due to the employer's intentional disregard of the requirement to deduct and withhold such tax.

**(d) Special rules.**—For purposes of this section—

**(1)** *Determination of liability.*—If the amount of any liability for tax is determined under this section—

\* \* \* \* \* \*

(B) the employer shall not be entitled to recover from the employee any tax so determined,....

The debtors equate the tax liability imposed by section 3509 to an employer's liability for "trust fund taxes," that is, liability based on the employer's failure to pay over taxes that have been withheld. They say that the section 3509 tax is not a tax that is "required to be collected or withheld" from employees, but a tax on the employer, and they point to IRC section 3509(d)(1)(B) which prohibits collection from the employees. Since, by definition, it cannot be a tax required to be collected from employees, it must fall within the ambit of section 507(a)(7)(D) of the Bankruptcy Code.

The court disagrees. Section 3509 is a tax on an employer, but it does not impose liability for failure to pay over taxes that have been withheld. It is the employer's failure to collect or withhold that gives rise to a section 3509 tax claim. A claim for "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity" is made nondischargeable by section 507(a)(7)(C) of the Bankruptcy Code.

Legislative history supports a finding that the debtors' section 3509 tax is not dischargeable. The Senate commented on the nature of the tax assessed pursuant to section 3509 as follows:

These reduced amounts generally are to be treated as the tax the employer should have withheld and paid currently under Code sections 3402 or 3102. The deductibility of these amounts *is to be determined as if they were assessments for taxes that the employer failed to deduct and pay over,* taking into account the bill's provision denying the employer any right to claim reimbursement from the employee. (emphasis added) Senate Report, *supra,* page 1105.

The court finds that the debtors' IRC section 3509 tax obligation for 1986 is subject to, and rendered nondischargeable by virtue of section 507(a)(7)(C) of the Bankruptcy Code.

This decision shall constitute findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure. An order will be entered in accordance with this decision.